[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12471

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RONALD RICHARDSON,
a.k.a. Pread,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:23-cr-00033-TKW-MJF-1

_____

Before JORDAN, LUCK, and TJOFLAT, Circuit Judges.

PER CURIAM:

Ronald Richardson appeals his 120-month sentence for possessing a firearm as a felon. He challenges the District Court's application of a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B), which applies when a defendant uses or possesses a firearm "in connection with another felony offense." After careful review, we affirm.

## I.

Richardson pleaded guilty to possessing a firearm and ammunition as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). During sentencing, the District Court adopted the presentence report's findings that Richardson constructively possessed a loaded revolver found in a storage unit he rented, along with $115,000 in dealer-banded cash and numerous items consistent with drug trafficking: vacuum seal bags, metal boxes, hot plates, and containers with drug residue. Officers also found cocaine in Richardson's home, and Richardson admitted to trafficking narcotics in the area.

The Court applied the four-level enhancement under § 2K2.1(b)(6)(B), concluding that the firearm was possessed in connection with drug trafficking. It reasoned, in part, that Application Note 14(B) supports an enhancement where a firearm is found "in close proximity" to drug paraphernalia.

The Court imposed a within-Guidelines sentence of 120 months. Richardson timely appeals

## II.

We review de novo the District Court's interpretation of the Sentencing Guidelines, and we review its application of an enhancement for clear error. *See United States v. James*, 135 F.4th 1329, 1332 (11th Cir. 2025).

Although the District Court relied on Application Note 14(B), we have since clarified that the Note is not entitled to deference. *See James*, 135 F.4th at 1335. In *United States v. James*, we explained that

> a court may defer to an agency's interpretation of its own regulation only when (1) the regulation is "genuinely ambiguous" after exhausting "all the 'traditional tools' of construction"; (2) the agency's interpretation is reasonable, meaning it falls "within the zone of ambiguity the court has identified"; and (3) after the court makes "an independent inquiry into whether the character and context of the agency interpretation entitles it to controlling weight."

*Id.* at 1333 (quoting *Kisor v. Wilkie*, 588 U.S. 558, 574–76 (2019)).

Applying this framework to § 2K2.1(b)(6)(B), we concluded that the Guideline was unambiguous and deference to the Application Notes was not warranted. *Id.* at 1334–36. Therefore, our holding in *James* compels the conclusion that the District Court erred in deferring to the § 2K2.1(b)(6)(B) commentary.

### III.

Still, not every error requires reversal. We may affirm the application of the enhancement so long as it is supported by the record and consistent with the Guideline's text. *United States v. Matchett*, 802 F.3d 1185, 1191 (11th Cir. 2015). That is the case here.

Section 2K2.1(b)(6)(B) applies when a firearm "facilitates, or has the potential of facilitating," another felony. *See United States v. Brooks*, 112 F.4th 937, 950 (11th Cir. 2024). The inquiry focuses on whether there is a contextual, causal, or logical relationship between the firearm and the other offense. *James*, 135 F.4th at 1334.

Here, there was. Richardson admitted to trafficking controlled substances. He constructively possessed a loaded revolver in a storage unit filled with trafficking tools and $115,000 in dealer-banded cash. The firearm, though not in his immediate possession during a transaction, was located among items used to facilitate his drug enterprise and at a location he frequented. The proximity of the firearm to Richardson's drug trafficking materials gives rise to a presumption of potential facilitation—particularly when, as here, Richardson knowingly possessed the weapon and admitted to the underlying trafficking offense. *See Brooks*, 112 F.4th at 950.

### IV.

For these reasons, we affirm the District Court's sentence.

**AFFIRMED.**